UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZANEH RAZI, et al.,<br><br>                            Plaintiffs,<br>v.<br>MICHAEL R. POMPEO, et al.,<br><br>                            Defendants. | Case No.: 20cv982-WQH (MSB)<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S REQUEST FOR CASE RULE 26(F) CASE MANAGEMENT CONFERENCE [ECF NO. 25]; AND**<br>**(2) VACATING STATUS CONFERENCE** |

On November 30, 2020, Plaintiffs filed a Request for Rule 26(f) Case Management Conference ("Request"). (ECF No. 25.) After the Court set a telephonic Status Conference for December 8, 2020, (ECF No. 26), Defendants filed an opposition to Plaintiffs' Request, claiming the Request is inaccurate, procedurally improper, and premature and inefficient given that the pleadings are unsettled. (Id. at 2-3.) For the reasons set forth in greater detail below, the Court **DENIES** Plaintiff's request and VACATES the December 8, 2020 telephonic Status Conference.

                              **I.**       **PROCEDURAL HISTORY**

On May 30, 2020, Plaintiffs, who are U.S. citizens and lawful permanent residents ("Petitioner Plaintiffs") and their Iranian relatives ("Beneficiary Plaintiffs"), who are visa applicants to the U.S. filed their First Amended Complaint. (ECF No. 3 at; ECF No. 13 at

2.) Plaintiffs alleged causes of action related to the process by which United States' agencies evaluate requests for waiver from Presidential Proclamation 9645 ("PP 9645"), which inter alia, prohibits the entry of immigrants from Iran who would otherwise ordinarily be granted visas. (ECF No. 3 at .) After Judge Whelan's October 23, 2020 order that granted in part and denied in part Defendants' Motion to Dismiss, the remaining causes of action in this case are limited. (See ECF No. 13.) Beneficiary Plaintiffs maintain causes of action under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) and (D), and a corresponding mandamus claim, both based on Plaintiffs' contested allegation that Defendants have arbitrarily designated a private contractor to adjudicate waiver decisions in violation of § 706(2)(A) and (D). (Id. at 12-15.)

Defendants filed a subsequent Motion to Dismiss, or in Alternative, for Summary Judgment on November 24, 2020. (ECF No. 23.) This motion presents declarations which Defendants contend "establish that only consular officials exercise final decisions to issue or withhold Plaintiffs' visas." (Id. at 8 (emphasis in original).) This motion is currently pending before the Honorable District Court. (See Docket.)

Plaintiffs' filed their Request for the Court to set a Rule 26(f) conference on November 30, 2020. (ECF No. 25.) On December 4, 2020, the Court set a telephonic Status Conference regarding the same on December 8, 2020. (ECF No. 26.) Defendants filed their Opposition on December 4, 2020.

## II.     DISCUSSION

Citing no authority for their Request, Plaintiffs ask the Court to schedule a Rule 26(f) conference "in order to expedite the resolution of their case" to avoid the unpleasantness they are enduring because they have not been granted waivers of PP 9645. (ECF No. 25 at 3.) Plaintiffs indicate that their counsel "reached out to Defendants' counsel for their position on scheduling a Rule 26(f) conference," but Defendants had not expressed a position. (Id.) In Opposition, Defendants contest Plaintiffs' statement that they did not express a position on Plaintiffs' request, explaining that Defendants asked Plaintiffs for authority for their request. (ECF No. 27

at 2.)  They further argue that the motion is improper under the Southern District of California's Civil Local Rules, and that other Courts reviewing similar requests for early discovery conferences have found the request "procedurally untimely, premature where pleadings and scope of surviving claims are unclear, practically inefficient, and likely to result in unnecessary expense on claims that may not survive." (Id. at 2-3.)

**A.     Plaintiffs' Request is Procedurally Unusual**

The Court agrees that Plaintiffs' Request is procedurally unusual.  In the first place, it does not comply with the timing or notice requirements of a noticed motion under Civil Local Rule 7.1(e)&(f).  Similarly, the Request is not labeled as ex parte and does not contain the required supporting affidavit indicating that opposing counsel was provided with adequate notice of an ex parte motion.  See CivLR 83.3(g).  Even the notice merely described in the body of the Request does not indicate that Plaintiffs' counsel informed opposing counsel of his intention to bring a motion, or when and where it would be made or other facts excusing such notice.  See CivLR 83.3(g)(2).

However, the Court is also mindful that Civil Local Rule 16.1(c) specifically permits a party to, "at any time after the filing of a complaint and before an answer has been filed," request "an early neutral evaluation conference, discovery conference or status/case management conference."  The rule specifically states that "any party may make [such] a request in writing to the judicial officer assigned to supervise discovery" and "[c]opies of the request must be sent to counsel for the parties whose addresses are known to the requesting counsel."  As written, this Rule suggests that such a request need not comply with the formal notice requirements of other motions.  Therefore, the Court will consider the Request.

**B.     Plaintiffs Have Not Demonstrated Their Request Would Reduce Expenses or Delay**

Upon receipt of a request like the one in this case, the Court "will examine the circumstances of the case and the reasons for the request and determine whether any

such conference would assist in the reduction of expense and delay the case," and hold the conferences it deems appropriate. CivLR 16.1(c).

While Plaintiffs' Request explains that Plaintiffs are uncomfortable with their circumstances, it does not demonstrate that the requested discovery conference, presumably to advance the opening of discovery, (see Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).")), would reduce expense or avoid delay. On the contrary, there is the possibility that discovery at this point would be a waste of resources as Defendants' pending motion seeks to defeat all the Plaintiffs' remaining claims. Plaintiffs have not explained or supported their claim that an earlier conference would further the resolution of this case.

### III.   CONCLUSION

Based on the Request now before it, the Court does not find it appropriate to set a Rule 26(f) conference and **DENIES** the Request. Finding it no longer necessary, the Court **VACATES** the telephonic Status Conference previously scheduled for December 8, 2020.

Dated:  December 7, 2020

Honorable Michael S. Berg
United States Magistrate Judge